**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION**

WALTER HOSKINS,

          Petitioner,

vs.

JOHN FAYRAM,

          Respondent.

No. 13-CV-35-LRR

**ORDER**

_____

*TABLE OF CONTENTS*

I.     **INTRODUCTION.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **2**

II.    **PROCEDURAL BACKGROUND.** . . . . . . . . . . . . . . . . . . . . . . . . . **2**

    *A.*    *Pre-Trial, Post-Trial and Sentencing.* . . . . . . . . . . . . . . . . . . . **2**
    *B.*    *Direct Appeal.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **3**
    *C.*    *State Postconviction Relief Action.* . . . . . . . . . . . . . . . . . . . . **4**
    *D.*    *Federal Habeas Corpus Action.* . . . . . . . . . . . . . . . . . . . . . . **4**

III.   **FACTUAL BACKGROUND.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . **5**

IV.   **STANDARDS OF REVIEW.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . **7**

    *A.*    *28 U.S.C. § 2254(d).* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **7**
    *B.*    *Exhaustion.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **10**

V.    **DISCUSSION.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **11**

    *A.*    *Ineffective Assistance of Counsel.* . . . . . . . . . . . . . . . . . . . . **11**
        *1.*    *Applicable law.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . **11**
        *2.*    *Trial counsel.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **13**
            *a.*    *Unlawful initial entry of the residence.* . . . . . . . . . . . **13**
            *b.*    *Unlawful initial entry onto curtilage.* . . . . . . . . . . . . **16**
        *3.*    *Appellate counsel.* . . . . . . . . . . . . . . . . . . . . . . . . . . **17**
            *a.*    *Jury instructions.* . . . . . . . . . . . . . . . . . . . . . . . . **17**
            *b.*    *Sufficiency of evidence.* . . . . . . . . . . . . . . . . . . . **19**
    *B.*    *Due Process.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **20**

**VI.    CERTIFICATE OF APPEALABILITY.** . . . . . . . . . . . . . . . . . . . . . . . **23**

**VII.   CONCLUSION.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **24**

## I.  INTRODUCTION

The matter before the court is Petitioner Walter Hoskins's "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody" ("Petition") (docket no. 2).

## II.  PROCEDURAL BACKGROUND

### A.  Pre-Trial, Post-Trial and Sentencing

On July 17, 2006, in the Iowa District Court for Black Hawk County ("Iowa District Court"), Petitioner was charged with the following: (1) possession of a controlled substance (more than 50 grams of cocaine base) with the intent to deliver, second offense, in violation of Iowa Code sections 124.401(1)(a) and 124.411 ("Count 1"); (2) failure to affix a drug tax stamp to cocaine base, in violation of Iowa Code section 453B.12 ("Count 2"); and (3) possession of a controlled substance (marijuana) with intent to deliver, second offense, in violation of Iowa Code sections 124.401(1)(d) and 124.411 ("Count 3"). Trial Information, Trial Appendix ("Trial App'x") (docket no. 12-11) at 9-10. On March 14, 2007, Count 1 was amended to include a charge of conspiracy to possess a controlled substance with intent to deliver as an alternative to proving a violation of Iowa Code section 124.401(1)(a). Amended Trial Information, Trial App'x at 359.

On March 2, 2007, a jury found Petitioner guilty of Count 1, Count 2 and the lesser-included offense of Count 3, possession of a controlled substance (marijuana). Verdict Forms, Trial App'x at 353-56.

On March 16, 2007, Petitioner filed a combined Motion for New Trial, Motion in Arrest of Judgment and Motion for Judgment Notwithstanding the Verdict. Motion for New Trial, Trial App'x at 361-62. On April 2, 2007, the Iowa District Court denied the motions and sentenced Petitioner. Relevant Portions of Sentencing Transcript, Trial App'x

at 370. On Count 1, the Iowa District Court sentenced Petitioner to an indeterminate term of imprisonment not to exceed 100 years with a one-third mandatory minimum and imposed a suspended $10,000 fine and 32 percent surcharge. *Id*. at 380. On Count 2, the Iowa District Court sentenced Petitioner to a term of imprisonment not to exceed five years and imposed a suspended $750 fine and 32 percent surcharge. *Id*. at 380-81. On Count 3, the court sentenced Petitioner to a period of 180 days in the Black Hawk County jail and imposed a $250 fine and 32 percent surcharge. *Id*. at 381. The Iowa District Court also suspended Petitioner's driving privileges for 180 days on each of the three counts. Finally, the Iowa District Court imposed a $125 Law Enforcement Assessment and a $10 Drug Abuse Resistance Education ("DARE") Assessment. *Id*.

### B. Direct Appeal

On April 10, 2007, Petitioner filed a Notice of Appeal from the judgment and sentence with the Iowa Supreme Court. Notice of Appeal, Trial App'x at 391. Petitioner "assert[ed] several challenges to the admission of evidence arising from a search and subsequent seizure of controlled substances." *State v. Hoskins* (*Hoskins I*), No. 07-0677, 752 N.W.2d 36 (Table), 2008 WL 1887314, at *1 (Iowa Ct. App. April 30, 2008). Specifically, Petitioner raised the following issues: (1) the Iowa District Court's denial of his motion to suppress; (2) ineffective assistance of counsel; (3) the Iowa District Court's denial of his motion in limine; and (4) imposition of the DARE surcharge. *Id*. at *2-*7.

On April 30, 2008, the Iowa Court of Appeals affirmed Petitioner's convictions and vacated Petitioner's sentences in part and affirmed in part. *Id*. at *7. The Iowa Court of Appeals affirmed the Iowa District Court's ruling on the motion to suppress. With respect to the claim of ineffective assistance of counsel, the Iowa Court of Appeals found that Petitioner was not prejudiced by any alleged failure of trial counsel to assert certain grounds for the motion to suppress. *Id*. at *4-*6. With respect to the denial of the motion in limine, the Iowa Court of Appeals concluded that "any alleged error was harmless

beyond a reasonable doubt." *Id.* at *7. Finally, the Iowa Court of Appeals vacated the DARE surcharge. *Id.*

On May 14, 2008, Petitioner filed an Application for Further Review (docket no. 12-13), which the Iowa Supreme Court denied on June 24, 2008 (docket no. 12-14).

### C. State Postconviction Relief Action

On September 24, 2008, Petitioner filed a pro se Petition for Postconviction Relief, alleging four grounds based on ineffective assistance of trial counsel and five grounds based on ineffective assistance of appellate counsel. Petition for Postconviction Relief, Postconviction Relief Appendix ("PCR App'x") (docket no. 12-21) at 23 . On December 22, 2008, Petitioner filed a Pro Se Brief in support of his Petition for Postconviction Relief. *Id.* at 32. On May 11, 2010, postconviction relief counsel moved to amend the Petition for Postconviction Relief. Supplemental Application for Postconviction Relief, PCR App'x at 35.

On May 14, 2010, the Iowa District Court dismissed the Petition for Postconviction Relief. May 14, 2010 Order, PCR App'x at 43. On May 21, 2010, Petitioner filed with the Iowa Supreme Court a Notice of Appeal from the May 14, 2010 Order. Notice of Appeal, PCR App'x at 44. On February 15, 2012, the Iowa Court of Appeals affirmed the Iowa District Court's ruling denying the Petition for Postconviction Relief. *Hoskins v. State* (*Hoskins II*), No. 10-0902, 812 N.W.2d 726 (Table), 2012 WL 470230 (Iowa Ct. App. Feb. 15, 2012). On March 6, 2012, Petitioner applied for further review with the Iowa Supreme Court. Appellant's Request for Further Review (docket no. 12-23). On April 10, 2012, the Iowa Supreme Court denied Petitioner's application. Order Denying Further Review (docket no. 12-24). On April 11, 2012, procedendo issued. Procedendo (docket no. 12-25).

### D. Federal Habeas Corpus Action

On April 5, 2013, Petitioner filed the Petition, which alleged four grounds for relief: (1) trial counsel failed to argue in suppression proceedings that the search warrant

was not independent of the unlawful initial entry of the residence; (2) trial counsel failed to argue in suppression proceedings that the search warrant was not independent of the unlawful initial search of the curtilage of the residence; (3) he was denied the right to a fair trial because the Iowa District Court based its rulings on improperly seized evidence; and (4) appellate counsel failed to argue that there was insufficient evidence on which to base a conviction. A fifth ground is set forth in an attachment to the Petition, which alleges appellate counsel failed to argue that the jury verdict was rendered in the absence of proper jury instructions. *See* Petition at 18. Petitioner also attached a Brief in Support of the Petition (docket no. 2-1).

On September 23, 2013, Respondent filed an Answer (docket no. 10), arguing that Petitioner's claims of ineffective assistance of counsel and denial of fair trial do not entitle Petitioner to relief and that several of his claims were not properly exhausted under 28 U.S.C. § 2254(b)(1).

On December 18, 2013, Petitioner filed a Pro Se Brief ("Petitioner's Brief") (docket no. 13). On February 20, 2014, Respondent filed Respondent's Brief (docket no. 15). On March 18, 2014, Petitioner filed a Reply (docket no. 16). The matter is fully submitted and ready for decision.

### III. FACTUAL BACKGROUND

The Iowa Court of Appeals provided the following factual account on direct appeal:

> On the evening of July 4, 2006, Waterloo police officers noticed Walter Hoskins IV and his cousin, Daytron Wise, in front of their grandmother's house shooting off fireworks. Officers Matt McGeough and Steve Bose went to the home due to this illegal activity and because there were outstanding arrest warrants for both men. Hoskins and Wise were arrested. A search incident to arrest revealed Hoskins had $174 in cash, Wise had $210, and both men had cell phones on them. As they were being placed in the back of a patrol car, Hoskins yelled at the officers not to go in the house because his grandmother, Alberta Hoskins, was sleeping.

The officers knocked on the door, and then knocked on windows in an effort to alert whomever was inside that they were taking Hoskins and Wise to the police station, but no one responded. The officers then went around the outside of the house attempting to rouse someone when officer Bose saw baggies stuffed inside a detached drain pipe. He pulled out the baggies and saw several of them had corners that were missing. There was no mud or debris on the baggies. The corners of baggies are often used as packaging for illegal drugs.

The officers gathered up the fireworks in the yard and on the porch as evidence for a fireworks violation charge. From the porch, officer McGeough smelled the distinct and strong odor of marijuana. The door of the house was open, but the screen door was closed. Through the screen door officer McGeough saw a box of fireworks just inside the door. He opened the door to collect the fireworks, and saw two baggies of marijuana and a baggie of crack cocaine in a planter beside the door. The officers seized the illegal drugs.

While the officers were present, Alberta returned home. Hoskins told her not to let anyone inside the home, and she refused the officers' request to search the home. The officers had activated a recorder in the patrol car, and one of the men said, "they haven't found it yet." Hoskins had previous felony convictions for drug-dealing in 2004. In April and May of 2006, officer McGeough had received information of drug dealing by Hoskins in Waterloo.

Sergeant Mark Meyer of the Tri-County Drug Task Force prepared an application for a search warrant of the house. A judge signed the search warrant. A search was conducted on July 5, 2006, which revealed large quantities of crack cocaine and marijuana, scales, cell phones, and baggies with torn corners.

*Hoskins I*, 2008 WL 1887314, at *1 (footnote omitted).

## IV. STANDARDS OF REVIEW

### A. 28 U.S.C. § 2254(d)

The United States Code provides the standard for habeas corpus review:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Thus, "[s]ection 2254(d) distinguishes between two types of erroneous decisions–those of law and those of fact." *Weaver v. Bowersox*, 241 F.3d 1024, 1029 (8th Cir. 2001).

Regarding an erroneous decision of law, a state court decision can be "contrary to" Supreme Court precedent if: (1) "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law" or (2) "the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [that precedent]." *Williams v. Taylor*, 529 U.S. 362, 405 (2000); *see also Ryan v. Clarke*, 387 F.3d 785, 790 (8th Cir. 2004) (stating that "only limited and deferential review of underlying state court decisions" is available in habeas corpus cases (quoting *Jones v. Luebbers*, 359 F.3d 1005, 1011 (8th Cir. 2004)) (internal quotation marks omitted)). Further, the statutory phrase "clearly established Federal law, as determined by the Supreme Court of the United States" "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Williams*, 529 U.S. at 412.

An "unreasonable application" of Supreme Court precedent can arise in one of two ways:

> First, a state-court decision involves an unreasonable application of [the Supreme] Court's precedent if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case. Second, a state-court decision also involves an unreasonable application of [the Supreme] Court's precedent if the state court either unreasonably extends a legal principle from our precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.

*Id.* at 407. Thus, where a state court "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case," that decision "certainly would qualify as a decision 'involv[ing] an unreasonable application of . . . clearly established Federal law.'" *Id.* at 407-08 (alteration in original); *see also Rompilla v. Beard*, 545 U.S. 374, 380 (2005) (discussing the "unreasonable application" clause of *Williams*). Additionally,

> [u]nder [28 U.S.C.] § 2254(d)(1)'s "unreasonable application" clause, . . . a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Williams*, 529 U.S. at 411. The Eighth Circuit Court of Appeals provided the following standard for an unreasonable application of law: "[t]he federal habeas court should not grant the petition unless the state court decision, evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent." *Richardson v. Bowersox*, 188 F.3d 973, 978 (8th Cir. 1999) (alteration in original) (quoting *Long v. Humphrey*, 184 F.3d 758, 760 (8th Cir. 1999)) (internal quotation marks omitted).

Applying these standards to the present case, the court must determine whether: (1) the Iowa courts reached a decision contrary to that reached by the Supreme Court on a question of law; or (2) correctly identified the applicable principles of federal law but unreasonably applied that law to the facts of Petitioner's claims. *See, e.g.*, *Rousan v. Roper*, 436 F.3d 951, 956 (8th Cir. 2006) (discussing the applicable standard); *Newman v. Hopkins*, 247 F.3d 848, 850-52 (8th Cir. 2006) (same); *Weaver*, 241 F.3d at 1029-30 (same); *Closs v. Weber*, 238 F.3d 1018, 1020 (8th Cir. 2001) (same); *Copeland v. Washington*, 232 F.3d 969, 973 (8th Cir. 2000) (same).

Under 28 U.S.C. § 2254(d)(2), federal habeas corpus relief "may be granted on a claim adjudicated in state court if the state court proceeding 'resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Beck v. Bowersox*, 257 F.3d 900, 901 (8th Cir. 2001) (quoting 28 U.S.C. § 2254(d)(2)). "Claims of factual error are subjected to the standard enunciated in [28 U.S.C.] § 2254(d)(2); [28 U.S.C. §] 2254(e)(1) then establishes a presumption of correctness in favor of state court findings of fact." *Weaver*, 241 F.3d at 1030. Accordingly, the court's review presumes that the Iowa courts found the facts correctly unless Petitioner rebuts the presumption with clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."); *see also Weaver*, 241 F.3d at 1030 ("[O]n habeas review, we accord state trial courts broad latitude in determining questions of fact by virtue of the statutory presumption in favor of state court fact-findings."). "It bears repeating that even erroneous fact-finding by the [state] courts will not justify granting a writ if those courts erred 'reasonably.'" *Weaver*, 241 F.3d at 1030.

## B. *Exhaustion*

28 U.S.C. § 2254(b)(1) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
> (A)    the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)    (i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). "To fulfill this requirement properly, 'state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process' before presenting those issues in an application for habeas relief in federal court.'" *Welch v. Lund*, 616 F.3d 756, 758 (8th Cir. 2010) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). "[A] state prisoner must seek the discretionary review of the state supreme court when that review is part of the ordinary and established appellate review process in that state." *Dixon v. Dormire*, 263 F.3d 774, 777 (8th Cir. 2001); *see also O'Sullivan*, 526 U.S. at 844-45. "A [state prisoner's] failure to exhaust remedies properly in accordance with state procedure results in procedural default of the prisoner's claims." *Welch*, 616 F.3d at 758; *see also O'Sullivan*, 526 U.S. at 848. "In such instances, the state prisoner 'forfeits his right to present his federal claim through a federal habeas corpus petition, unless he can meet strict cause and prejudice or actual innocence standards.'" *Greer v. Minnesota*, 493 F.3d 952, 957 (8th Cir. 2007) (quoting *Clemons v. Luebbers*, 381 F.3d 744, 750 (8th Cir. 2004)).

To satisfy the fair presentment component of the exhaustion requirement, a petitioner must "refer[] to a specific federal constitutional right, a particular constitutional

provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue." *Middleton v. Roper*, 455 F.3d 838, 855 (8th Cir. 2006) (quoting *Abdullah v. Groose*, 75 F.3d 408, 411-12 (8th Cir. 1996)) (internal quotation marks omitted). A claim is not fairly presented to the state courts unless the same factual grounds and legal theories asserted in the applicant's federal habeas corpus application have been properly raised in his or her state court proceedings. *Palmer v. Clarke*, 408 F.3d 423, 430 (8th Cir. 2005). If a petitioner has not fully presented his or her federal claims in state court, the claims are barred in federal court and must be dismissed, unless the applicant can show: (1) both good cause for his failure to present the claims in state court and prejudice as a result of the alleged constitutional violation; or (2) "that failure to consider the claims will result in a fundamental miscarriage of justice." *Abdullah*, 75 F.3d at 411 (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)) (internal quotation marks omitted).

## V.  DISCUSSION

### A.  Ineffective Assistance of Counsel

Petitioner claims that trial and appellate counsel violated his constitutional right to effective assistance of counsel. He argues that the Iowa courts unreasonably applied the applicable standard when they held that his trial and appellate counsel were not ineffective.

### 1.    Applicable law

The Sixth Amendment provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defen[s]e." U.S. Const. amend. VI. A criminal defendant also has the right to the effective assistance of counsel on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *Douglas v. California*, 372 U.S. 353, 357-58 (1963).

An ineffective assistance of counsel claim has two components:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so

> serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984). While *Strickland* requires a showing of both deficient performance and prejudice, "there is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Id.*; *see also United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) ("[A court] need not address the reasonableness of the attorney's behavior if the [defendant] cannot prove prejudice.").

To establish unreasonably deficient performance, a "defendant must show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. There is a strong presumption of competence and reasonable professional judgment. *Id.* at 689; *see also Sanders v. Trickey*, 875 F.2d 205, 207-08 (8th Cir. 1989) (stating that courts must afford counsel broad latitude to make strategic and tactical choices regarding the appropriate action to take or refrain from taking). A defendant "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690.

To establish prejudice, "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693. Rather, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

"A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. In other words, "the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id*. at 695. In answering that question, the court "must consider the totality of the evidence before the judge or jury." *Id*.

In the context of reviewing petitions under 28 U.S.C. § 2254, the Supreme Court set forth a "doubly" deferential standard. *Harrington v. Richter*, 131 S. Ct. 770, 788 (2011). "Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under [28 U.S.C.] § 2254(d)." *Id*. at 788. Accordingly, the issue the court must decide "is not whether counsel's actions were reasonable," but rather "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id*.

### 2. Trial counsel

Petitioner argues that trial counsel's performance was deficient and that it is reasonably probable that the result of the proceedings would have been different if trial counsel had argued in the suppression hearing that: (1) the search warrant was not independent of the officers' unlawful initial entry of the residence; and (2) the search warrant was not independent of the officers' unlawful initial entry onto the curtilage of the residence.

### a. Unlawful initial entry of the residence

Petitioner argues that the officers' decision to seek a search warrant was prompted by the discovery of illegal drugs during the unlawful initial entry of the residence and that the evidence obtained during the unlawful entry affected the magistrate's decision to issue the search warrant. Petitioner's Brief at 14. With respect to his claim of ineffective assistance of counsel, Petitioner argues that if trial counsel had properly raised specific arguments related to the officers' testimony, then all evidence seized pursuant to the search warrant would have been suppressed under *Murray v. United States*, 487 U.S. 533 (1988).

Petitioner's Brief at 15. Respondent argues that Petitioner's claim is barred by *Stone v. Powell*, 428 U.S. 465 (1976), and that even if the claim is cognizable, the Iowa courts were not unreasonable in rejecting Petitioner's claim. Respondent's Brief at 10-15.

"[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone*, 428 U.S. at 482. However, the restrictions of *Stone v. Powell* do not extend to ineffective assistance claims based on the handling of Fourth Amendment issues. *See Kimmelman v. Morrison*, 477 U.S. 365, 378 (1986).

Petitioner's claim derives from trial counsel's alleged failure to raise specific arguments under *Murray* and the independent source doctrine during the suppression hearing. The Supreme Court explained the independent source doctrine with the following example:

> Our cases have used the concept of "independent source" in a more general and a more specific sense. The more general sense identifies *all* evidence acquired in a fashion untainted by the illegal evidence-gathering activity. Thus, where an unlawful entry has given investigators knowledge of facts $x$ and $y$, but fact $z$ has been learned by other means, fact $z$ can be said to be admissible because derived from an "independent source."

*Murray*, 487 U.S. at 537-38. The Supreme Court further explained that a search pursuant to a warrant was not an independent source "if the agents' decision to seek the warrant was prompted by what they had seen during the initial entry, or if information obtained during that entry was presented to the Magistrate and affected his [or her] decision to issue the warrant." *Id*. at 542 (footnote omitted).

The Iowa District Court suppressed the evidence seized during the officers' unlawful initial entry into the residence. However, the Iowa District Court declined to

suppress the evidence seized pursuant to the search warrant obtained after the unlawful initial entry because it determined that the remaining untainted evidence within the application for the warrant provided the probable cause necessary to issue the warrant.

On direct appeal, the Iowa Court of Appeals found that the Iowa District Court properly denied Petitioner's motion to suppress the evidence seized pursuant to the search warrant. The Iowa Court of Appeals properly applied *Murray* and asked "whether the untainted information, considered by itself, establishes probable cause for a search warrant." *Hoskins I*, 2008 WL 1887314, at *3. The Iowa Court of Appeals found that the untainted evidence in the warrant, including Petitioner's history of drug dealing, his possession of a substantial amount of cash and the large quantity of plastic baggies with the corners cut off, demonstrated that the warrant was supported by probable cause. *Id*. The Iowa Court of Appeals then asked "whether the officers' 'decision to seek the warrant was prompted by what they had seen during the initial entry.'" *Id*. (quoting *Murray*, 487 U.S. at 542). The Iowa Court of Appeals found that Sergeant Meyer's testimony supported a finding that the officers would have requested a search warrant even if they had not initially entered the residence unlawfully. *Id*.

The Iowa Court of Appeals properly considered the untainted information in the warrant and the officers' testimony to determine that there was probable cause to obtain a warrant and that the officers would have requested a warrant even if they had not first unlawfully entered the residence. The court finds that it was reasonable for the Iowa Court of Appeals to conclude that the warrant was supported by probable cause and that the evidence seized during the unlawful initial entry did not prompt the decision to seek a warrant. Therefore, Petitioner was not prejudiced by any failure of trial counsel to argue that the officers' decision to seek a warrant was motivated by what they found in the illegal search or that the warrant was not supported by probable cause due to the tainted information. Since any argument under *Murray* was without merit, trial counsel did not perform deficiently by failing to make such arguments. Accordingly, the Petition shall be

denied in so far as it alleges ineffective assistance of trial counsel for failing to argue in suppression proceedings that the search warrant was not independent of the unlawful initial entry of the residence.

### b.       Unlawful initial entry onto curtilage

Second, Petitioner claims that trial counsel was ineffective for failing to argue that the search warrant was not independent of the officers' unlawful initial entry onto the curtilage of the residence and that probable cause did not exist without the evidence improperly seized from the curtilage. *See* Petitioner's Brief at 16. Petitioner argues that the officers improperly searched the curtilage because Petitioner had already been placed under arrest and secured in the back of the patrol car; thus, the officers had no reason to walk around the outside of the home. Brief in Support of the Petition at 6. Respondent argues that the court should accept the Iowa Court of Appeals's finding that the officers' presence in the side yard did not constitute an illegal search of the curtilage. Respondent's Brief at 22.

On direct appeal, the Iowa Court of Appeals determined that the officers did not violate the Fourth Amendment because the officers had a legitimate reason for their presence on the curtilage that was unconnected with a search against the Petitioner. *Hoskins I*, 2008 WL 1887314, at *6. The Iowa Court of Appeals found that it was reasonable for the officers to attempt to contact someone within the residence by walking to the side yard. *Id.* The Iowa Court of Appeals then determined that even if trial counsel had raised the illegal search of the curtilage issue at the suppression hearing, the Iowa District Court would have found that the evidence seized from the curtilage, the clear plastic baggies, was properly considered in the decision to grant the search warrant. *Id.* Because Petitioner failed to demonstrate that the police officers violated the Fourth Amendment, the Iowa Court of Appeals determined that Petitioner "cannot meet the prejudice prong of *Strickland*." *Id.*

The court finds that it was reasonable for the Iowa Court of Appeals to conclude that the officers' entry onto the curtilage of the residence was not unlawful and, therefore, Petitioner's ineffective assistance claim with respect to this issue must fail. The Iowa Court of Appeals properly considered "the totality of the evidence before the judge or jury" in determining that trial counsel was not ineffective in failing to argue that the officers were illegally on the curtilage and that the evidence obtained from their being on the curtilage should be suppressed. *Strickland*, 466 U.S. at 695. Because the officers were trying to contact someone within the residence to let them know that Petitioner and Wise were under arrest, it was appropriate for the Iowa Court of Appeals to find that the officers had a legitimate reason to be on the curtilage. Accordingly, Petitioner's claim that trial counsel's performance was deficient for failing to argue that the police officers' entrance onto the curtilage was unlawful and that evidence seized on the curtilage should have been suppressed is without merit. Any such argument would have failed, and, accordingly, Petitioner was not prejudiced by the alleged failure to make the argument. Accordingly, the Petition shall be denied in so far as it alleges ineffective assistance of trial counsel for failing to argue that the search warrant was not independent of the officers' unlawful initial entry onto the curtilage.

### 3. *Appellate counsel*

Petitioner argues that appellate counsel was ineffective for failing to argue that the Iowa District Court erroneously instructed the jury and that the evidence was insufficient to support his conviction.

### a. *Jury instructions*

Petitioner claims that appellate counsel was ineffective for failing to argue that the jury was erroneously instructed on constructive possession and conspiracy. Petitioner's Brief at 22. Respondent claims that appellate counsel had "no duty to object to the instructions as they were a correct statement of the law." Respondent's Brief at 29. With respect to the conspiracy instruction, Respondent argues that even if Petitioner can

17

demonstrate that the instruction was flawed, Petitioner cannot demonstrate prejudice because conspiracy and constructive possession merge under Iowa law.

On appeal from the Iowa District Court's denial of Petitioner's Petition for Postconviction Relief, the Iowa Court of Appeals concluded that there was no merit to the claim of ineffective assistance of appellate counsel for failing to challenge the jury instructions on constructive possession and conspiracy. *Hoskins II*, 2012 WL 470230, at *7. With respect to the constructive possession instruction, the Iowa Court of Appeals found no error in the trial court's decision to include the instruction or in the content of the instruction. *Id.* With respect to the conspiracy instruction, the Iowa Court of Appeals found that Petitioner was not prejudiced by any deficient performance because his convictions under constructive possession and conspiracy merged. *Id.*

The court finds that it was reasonable for the Iowa Court of Appeals to conclude that appellate counsel did not perform deficiently by failing to object to the jury instructions on constructive possession and conspiracy. With respect to the constructive possession instruction, the Iowa Court of Appeals found that the instruction was a correct statement of the law. Because the constructive possession instruction is a matter of state law, this court cannot find that the content of the instruction was improper. *See Ford v. Norris*, 364 F.3d 916, 919 (8th Cir. 2004). And, because the constructive possession and conspiracy convictions merged under state law, *see State v. Waterbury*, 307 N.W.2d 45, 52 (Iowa 1981) (stating that Iowa Code section 706.4 should be interpreted as "creating a merger of the conspiracy and the substantive offense where the defendant has been found guilty of both offenses"), the Iowa Court of Appeals reasonably concluded that Petitioner was not prejudiced by any deficient performance of appellate counsel for failing to argue that the conspiracy instruction was incorrect. Therefore, Petitioner has failed to show that he is entitled to relief for his ineffective assistance of counsel claim with respect to appellate counsel's failure to argue that the jury instructions were incorrect. Accordingly,

the court shall deny the Petition in so far as it alleges appellate counsel was ineffective for failing to argue that the jury instructions were incorrect.

### b.    *Sufficiency of evidence*

Petitioner claims that appellate counsel was ineffective for failing to argue that there was insufficient evidence to convict on conspiracy and constructive possession. Respondent argues that Petitioner has not exhausted his ineffective assistance of appellate counsel claim with respect to this argument and that even if Petitioner has exhausted his claim, his appellate counsel had no duty to raise an insufficiency of the evidence argument on direct appeal.

On appeal from the Iowa District Court's denial of Petitioner's Petition for Postconviction Relief, the Iowa Court of Appeals found that "the evidence was sufficient to support a verdict under theories of conspiracy and constructive possession." Respondent's Brief at 27. The Iowa Court of Appeals indicated that all of the evidence seized during the commission of the search warrant, including "large amounts of crack cocaine, large quantities of clear plastic bags, a razor, a gun holster, ammunition, a bullet-proof vest, numerous cell phones, plastic gloves, two safes, three scales, mail and documents belonging to [Petitioner] and Wise," supported the convictions of conspiracy and constructive possession. *Hoskins II*, 2012 WL 470230, at *6.

The court finds that the decision of the Iowa Court of Appeals did not "involve[] an unreasonable application of[] clearly established Federal law." 28 U.S.C. § 2254(d). Furthermore, the Iowa Court of Appeals's decision "was not based on an unreasonable determination of the facts," as it was reasonable to conclude that the evidence supported a conspiracy and constructive possession conviction, and, therefore, appellate counsel's failure to make these arguments on appeal did not constitute deficient performance. *Id.* The Iowa Court of Appeals properly considered "the totality of the evidence before the judge or jury" in determining that appellate counsel did not provide ineffective assistance. *Strickland*, 466 U.S. at 690, 695 (noting that "strategic choices made after thorough

investigation of law and facts relevant to plausible options are virtually unchallengeable"). Furthermore, Petitioner was not prejudiced by appellate counsel's failure to raise an insufficiency of the evidence argument because such argument was without merit. Accordingly, the court shall deny the Petition in so far as it alleges that appellate counsel was ineffective for failing to argue that there was insufficient evidence to support the conviction.

## B.  Due Process

Petitioner also argues that his constitutional right to a fair trial was violated because the trial court permitted the prosecution to use illegally obtained evidence as a basis for his conviction.  Respondent argues that Petitioner failed to raise this claim during state court proceedings and, therefore, the issue has not been exhausted as required by 28 U.S.C. § 2254(b).

Petitioner claims that the Iowa District Court should have excluded Petitioner's statements related to the police officers finding "it" (referring to drugs located within the house) because the statement was made in relation to suppressed evidence (the drugs discovered in the plant).  The Iowa District Court determined that this reference was permissible and the Iowa Court of Appeals stated that even if "the testimony should have been excluded," "the admission . . . [was] harmless beyond a reasonable doubt." *Hoskins I*, 2008 WL 1887314, at *7.  A Fourth Amendment claim that has been fully and fairly litigated is not an appropriate issue for a federal court in a habeas proceeding. *See Stone*, 428 U.S. at 482 ("[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."); *Ryder v. Morris*, 752 F.2d 327, 329-30 (8th Cir. 1985) (applying *Stone* to preclude review of a Fourth Amendment claim).  With regard to whether the admission of this evidence violated Petitioner's

constitutional right to due process, however, *Stone* is inapplicable. Nevertheless, the argument fails on procedural grounds.

Petitioner's challenge of the use of evidence as a violation of his due process right to a fair trial, rather than as a Fourth Amendment claim, is not a claim for which the state courts had a "full opportunity" to resolve the issue. *Welch*, 616 F.3d at 758. The Eighth Circuit has stated that "a petitioner must 'refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue in a claim before the state courts.'" *Myre v. Iowa*, 53 F.3d 199, 200 (8th Cir. 1995) (quoting *Kelly v. Trickey*, 844 F.2d 557, 558 (8th Cir. 1988)) (internal quotation marks omitted). In seeking habeas relief, "'state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process' before presenting those issues in . . . federal court." *Welch*, 616 F.3d at 758 (quoting *O'Sullivan*, 526 U.S. at 845). Federal due process was not mentioned during trial, on direct appeal to the Iowa Court of Appeals or before the Iowa District Court or the Iowa Court of Appeals in postconviction relief proceedings. The first mention of federal due process arises in Petitioner's Application for Further Review to the Iowa Supreme Court. Application for Further Review at 3, 13, 16, 18. And, an issue may not be raised for the first time in such application. Consequently, Petitioner has failed to exhaust the state court remedies for his due process claim.

The failure to exhaust a claim in state court sometimes implicates the independent and adequate state ground doctrine. *See Gray v. Netherland*, 518 U.S. 152, 161 (1996); *Coleman*, 501 U.S. at 732. Specifically, the Supreme Court explained:

> 28 U.S.C. § 2254(b) bars the granting of habeas corpus relief "unless it appears that the applicant has exhausted the remedies available in the courts of the State." Because "[t]his requirement . . . refers only to remedies still available at the time of the federal petition," *Engle v. Isaac*, 456 U.S. 107,

> 125, n. 28, 102 S.Ct. 1558, 1570, n. 28, 71 L.Ed.2d 783
> (1982), it is satisfied "if it is clear that [the habeas petitioner's]
> claims are now procedurally barred under [state] law," *Castille
> v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056, 1060, 103
> L.Ed.2d 380 (1989). However, the procedural bar that gives
> rise to exhaustion provides an independent and adequate state-
> law ground for the conviction and sentence, and thus prevents
> federal habeas corpus review of the defaulted claim, unless the
> petitioner can demonstrate cause and prejudice for the default.

*Gray*, 518 U.S. at 161-62 (alterations in original). Apart from showing good cause for his or her failure to present the claims in state court and actual prejudice as a result of the alleged constitutional violation, a petitioner may have a procedurally defaulted claim reviewed if he or she can demonstrate that failure to review the claim would result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750; *Reagan v. Norris*, 279 F.3d 651, 656 (8th Cir. 2002); *Hatcher v. Hopkins*, 256 F.3d 761, 763 (8th Cir. 2001); *Keithley v. Hopkins*, 43 F.3d 1216 (8th Cir. 1995); *Maynard v. Lockhart*, 981 F.2d 981, 984 (8th Cir. 1992); *Buckley v. Lockhart*, 892 F.2d 715, 718 (8th Cir. 1989).

In light of the court's conclusion that Petitioner failed to properly exhaust his remedies in the Iowa courts, it is necessary to consider whether Iowa law prevents Petitioner from raising his claim in state court. *See Wemark v. Iowa*, 322 F.3d 1018, 1022 (8th Cir. 2003).

> Iowa law requires post-conviction applicants to raise all
> available grounds for relief in their original, supplemental, or
> amended applications. Iowa Code § 822.8 (1994). "Any
> ground . . . not raised . . . may not be the basis for a
> subsequent application" unless the court finds "sufficient
> reason" to justify the omission. *Id.*

*Wemark*, 322 F.3d at 1022 (alterations in original). In addition, a three-year statute of limitations applies to individuals who seek to file a petition for postconviction relief. *Id.* at 1022 n.3 (citing Iowa Code section 822.3). The three-year statute of limitations in the instant case began on the date procedendo issued. *See* Iowa Code section 822.3 ("All

other applications must be filed within three years . . . from the date the writ of procedendo is issued."). Given that procedendo issued on July 7, 2008, Petitioner's instant claim is procedurally defaulted. Further, the court is unable to review the procedurally defaulted claim because Petitioner: (1) failed to demonstrate good cause for his failure to present it in state court and actual prejudice as a result of the alleged constitutional violation; and (2) failed to demonstrate that the failure to review it would result in a fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 750. Petitioner has not demonstrated cause and prejudice for failing to raise his due process claim at the trial level; he argues only that his claims were exhausted at the state court level and, therefore, are not procedurally defaulted. Because Petitioner did not exhaust his claim and Petitioner's claim is procedurally defaulted, the court shall deny the Petition in so far as it alleges his constitutional right to a fair trial was violated due to the Iowa District Court's use of illegally obtained evidence.

## VI. CERTIFICATE OF APPEALABILITY

The final order in a habeas proceeding before a district court judge "shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held." 28 U.S.C. § 2253(a). "Unless a circuit . . . judge issues a certificate of appealability, an appeal may not be taken to the court of appeals." 28 U.S.C. § 2253(c)(1). The Eighth Circuit has ruled that a district court is empowered to issue certificates of appealability. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997) (analyzing the impact of the AEDPA on both 28 U.S.C. § 2253(c) and Federal Rule of Appellate Procedure 22(b)). A certificate of appealability may issue only when a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Tiedeman*, 122 F.3d at 522. A substantial showing exists where the petitioner demonstrates that the "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997);

*see also Miller-El*, 537 U.S. at 536 (articulating the standard); *Garrett v. United States*, 211 F.3d 1075, 1077 (8th Cir. 2000).

Courts can reject constitutional claims on procedural grounds or on the merits of the claim itself. Where claims are rejected on the merits, a prisoner has to show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). For claims that are rejected on procedural grounds, the prisoner must demonstrate, at a minimum, "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

After thoroughly reviewing the record in this case, the court finds that Petitioner has failed to make the required "substantial showing" for each of the claims he raised in his Petition. Because no reasonable jurist would find the resolution of this case debatable, an appeal is unwarranted. Therefore, the court shall deny Petitioner's request for a certificate of appealability. If Petitioner desires further review of his 28 U.S.C. § 2254 Petition, he may request issuance of a certificate of appealability from a circuit judge of the Eighth Circuit Court of Appeals. *See Tiedeman*, 122 F.3d at 522.

## VII. CONCLUSION

The court finds that Petitioner is not entitled to relief under 28 U.S.C. § 2254. The Iowa courts' adjudication of Petitioner's claims of ineffective assistance of trial and appellate counsel did not "result[] in a decision that was contrary to, or involve[] an unreasonable application of, clearly established [f]ederal law" and did not "result[] in a decision that was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d). Furthermore, Petitioner did not adequately present his due process claim to the state courts and it is now procedurally defaulted. In light of the foregoing, Petitioner Walter Hoskins's "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody" (docket no. 2) is **DENIED**. The

Clerk of Court is **DIRECTED** to enter judgment in favor of Respondent John Fayram and against Petitioner Walter Hoskins. Additionally, a certificate of appealability is **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 7th day of October, 2014.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA